**CERTIFIED TRANSLATION**

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
JUDICIAL CENTER OF BAYAMÓN

| | |
|---|---|
| **HIBISCUSPR LENDCO, LLC**  Plaintiff  v.  **FIRST AMERICAN TITLE INSURANCE COMPANY**  Defendant | CIVIL No.: BY2021CV01961  Courtroom 703  RE:  DECLARATORY JUDGMENT; BREACH OF CONTRACT, SPECIFIC PERFORMANCE |

# COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, **HIBISCUSPR LENDCO, LLC**, through the undersigned legal representative, and respectfully, states, alleges and requests:

### I. INTRODUCTION

1. Through this complaint, the plaintiff is interested in having this Honorable Court declare its right to receive the corresponding coverage under the terms and conditions of certain title insurance policies, issued by the defendant.

Case 3:21-cv-01340 Document 1-2 Filed 07/28/21 Page 2 of 15

*Complaint*
*HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company*

2. In addition, the plaintiff is interested in this Honorable Court ordering the defendant to comply specifically with what is expressly agreed in the title insurance policies it issued, and to indemnify the plaintiff for the damages and economic losses suffered as a result of the breach of contract in this case, plus the payment of pre-judgment interest, costs and the corresponding attorneys' fees for their contumacious and reckless conduct in denying the contracted insurance coverage.

## II. THE PARTIES

3. The plaintiff, HIBISCUSPR LENDCO, LLC (hereinafter "Hibiscus"), is a foreign corporation duly organized and existing under the laws of the State of Delaware, authorized to do business in Puerto Rico. Its physical and postal address is: 252 Ave. Ponce De León, Suite 601, San Juan, Puerto Rico 00918. Its phone numbers are: 787-954-2424, 787-954-9418.

4. The defendant, FIRST AMERICAN TITLE INSURANCE COMPANY (in hereinafter "First American"), is a corporation organized and existing under the laws of the State of California of the United States of America and authorized to do title insurance business in the Commonwealth of Puerto Rico, and whose resident agent in Puerto Rico is The Prentice-Hall Corporation System, Puerto Rico, Inc., with principal offices at c/o Fast Solutions, LLC, Citi Tower, 252 Ponce de León Ave., Floor 200, San Juan, Puerto Rico 00918.

*Complaint*
*HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company*

### III. JURISDICTION AND VENUE

5. This Honorable Court has jurisdiction to adjudicate the dispute raised in this complaint under Article V of the State Constitution of the Commonwealth of Puerto Rico, Articles 2.001 and 5.001 of the Judiciary Law, Law No. 201-2003, as amended, 4 L.P.R.A. §§ 24b, 24f. Likewise, the venue of this Honorable Court of First Instance of Bayamón over the captioned lawsuit arises in accordance with the provisions of Rule 3.4, 56.1 and 59 of the Civil Procedure of Puerto Rico, 32 L.P.R.A. Ap. V, R. 3.4, 56.1, 59.

### IV. THE FACTS

**A. Mortgage Deeds**

6. On December 18, 2007, Minillas, Inc. (hereinafter "the Debtor") appeared before Notary Herman Cestero Rodríguez and entered into mortgage deed number 33, by means of which a mortgage is constituted as a guarantee of a promissory note to the bearer, for the principal sum of $518,017.00, on plot 6-F farm no. 70611, inscribed on folio 291, volume 1681, of the Bayamón, Property Registry, section 1 of Bayamón. Hibiscus is the creditor of the mortgage loan object of the Mortgage Deeds No. 33 and current holder of the mortgage promissory note guaranteed by the aforementioned mortgage on the farm no. 70611, located in the Sector La Lomita, Minillas Ward in Bayamón Puerto Rico. The mortgage loan was personally guaranteed by Carlos Alberto Gascot Cuadrado.

*Complaint*
*HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company*

    **7.**    On December 18, 2007, the Debtor appeared before Notary Herman Cestero Rodríguez and entered into mortgage deed number 34, by means of which a mortgage is constituted as a guarantee of a promissory note to the bearer, for the principal sum of $438,750.00, on the plot 2-D the farm no. 70609, inscribed to folio 281, of volume 1681, of the Bayamón, Property Registry, Section 1 of Bayamón. Hibiscus is the creditor of the mortgage loan subject to Mortgage Deeds No. 34 and current holder of the mortgage promissory note guaranteed by the aforementioned mortgage on farm No. 70609, located in the La Lomita Sector, Minillas Ward in Bayamón Puerto Rico. The mortgage loan was personally guaranteed by Carlos Alberto Gascot Cuadrado.

    **8.**    On December 18, 2007, the Debtor appeared before Notary Herman Cestero Rodríguez and entered into mortgage deed number 35, by means of which a mortgage is constituted as a guarantee of a bearer promissory note, for the principal sum of $644,865.00.00, on plot 7-F [of] farm no. 70611, inscribed on folio 291, of volume 1681, of the Bayamón Property Registry, Section 1 of Bayamón. Hibiscus is the creditor of the mortgage loan subject to Mortgage Deeds No. 35 and current holder of the mortgage promissory note secured by the aforementioned mortgage on farm No. 70611, located in the Sector La Lomita, Minillas Ward in Bayamón Puerto Rico. The mortgage loan was personally guaranteed by Carlos Alberto Gascot Cuadrado.

BY2021CV01961 21/05/2021 05:09:37 pm Entry No. 1 Page 5 of 15
Case 3:21-cv-01346 Document 1-2 Filed 07/28/21 Page 5 of 15

*Complaint*
HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company

9. The Property Registrar refused the registration of Mortgage Deed number 33 on Plot 6-F of farm 70611, on August 6, 2013.

The entry expired on October 7, 2013 the same being in the Property Registry.

According to the Property Registrar's notice of fault, the

prior Deed of Segregation, at entry 1628 of volume 1230, was notified on August 6, 2013 due to

several defects, preventing the registration of the mortgage on Solar 6-F. Entry number 1628 of

volume 1230 expired on October 7, 2013, the same being in the Property Registry.

10. The Property Registrar refused the registration of Mortgage Deed number 34 on plot 2-D of farm 70609 on August 6, 2013.

The entry was withdrawn on August 23, 2013. According to the notice of fault of the Property

Registrar, the prior Deed of Segregation, at entry 1628 of volume 1230 was notified on August 6,

2013 for several defects, preventing the registration of the mortgage on The Solar 6-F. Entry 1628

of volume 1230 expired on October 7, 2013, the same being in the Property Registry.

11. The Property Registrar refused the registration of Mortgage Deed number 35 on Plot 7-F of farm 70611, on August 6, 2013.

The entry expired on October 7, 2013, the same being in the Property Registry. According to the

Property Registrar's notice of fault, the prior

BY2021CV01961-21/05/2021 05:09:37 pm Entry No. 1 Page 6 of 15
Case 3:21-cv-01340 Document 1-2 Filed 07/23/21 Page 6 of 15

*Complaint*
*HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company*

Deed of Segregation, at entry 1628 of volume 1230, was notified on August 6, 2013 for several defects, preventing the registration of the mortgage on Solar 6-F. Entry 1628 of volume 1230 expired on October 7, 2013, the same being in the Property Registry.

12. The faults notified by the Property Registrar were not corrected by the Notary Public who authorized the three Mortgage Deeds numbers

33, 34 and 35. Neither did the Notary who granted the prior Deed of Segregation,

At entry 1628 to volume 1230. Therefore, the mortgages were not duly registered in the Property Registry and, consequently, the mortgages that guaranteed the loans granted by Firstbank (now transferred to Hibiscus) were not legally constituted.

13. As of January 11, 2021, the Debtor and its guarantor owed Hibiscus the principal amount of $9,563,363.04, $7,369,633.00 as interest, for a total of $16,932,996.24, an amount that is past due and liquid and enforceable.

B. **Insurance Policies**

14. Effective December 18, 2007, First American issued, with no exceptions, in favor of *"Firstbank Puerto Rico and/or its successors and assigns as their respective interests may appear"* three title insurance policies providing coverage in case there is any error or defect that would prevent the registration of the titles of the 6-F plots (policy no. FA-31-1296795), 7-F (policy No. FA-31-1296796) and 2-D (policy No. FA-31-1296797), and the effective

BY2021CV01961 21/05/2021 05:09:37 pm Entry No. 1 Page 7 of 15
Case 3:21-cv-01346 Document 1-2 Filed 07/28/21 Page 7 of 15

*Complaint*
HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company

constitution of mortgages on properties 70611 and 70609. Policies on plots 6-F (policy No. FA-311296795), 7-F (policy No. FA-31-1296796) and 2-D (policy No. FA-31-1296797) on farms 70611 and 70609, were issued with restrictions only on the recovery of taxes or contributions on the property for 2007-2008, and in other years other than those which are liquid and enforceable.

15. First American, through the policies assured Firstbank, now Hibiscus, the title of the property and the registration of the Mortgage Deeds of the 6-F plots (policy no. FA-31-1296795), 7-F (policy No. FA-31-1296796) and 2-D (policy no. FA-311296797) for the amounts **of $518,017.00, $438,780.00, $644,645.00**.

16. In insurance policies of title No. FA-31-1296795, No. FA-31-1296796, No. FA-31-1296797, First American agreed to the same, as follows:

> *First American Title Insurance Company (the* "Company") insures, as *of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:*
>
> *1. Title to the estate or interest described in Schedule A being vested other than stated therein;*
>
> *2. Any defect in or lien or encumbrance on the Title.*
>
> *3. Unmarketability of the title;*
> [...]

*Complaint*
*HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company*

> *5. The invalidity or unenforceability of the lien of the insured mortgage;*
>
> *8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the Assignment is shown on Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all lines.*
>
> *The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.*

17. On March 5, 2014, LSREF2 (now Hibiscus), notified an out-of-court claim to First American requiring coverage for deficiencies reported by the Property Registrar and which prevented the registration of Mortgage Deeds guaranteeing loans granted by Firstbank, now Hibiscus.

18. Despite LSREF2's efforts, First American did not agree to the request for coverage under title insurance policies no. FA-31-1296795, No. FA-311296796, No. FA-31-1296797, requiring Hibiscus to reiterate the same request on January 29, 2019.

19. On February 4, 2020, Hibiscus reiterated the request for coverage under title insurance policies No. FA-31-1296795, No. FA-31-1296796, No. FA-311296797, since at a meeting with First American's attorney held on March 29

Case 3:21-cv-01340 Document 1-2 Filed 07/28/21 Page 9 of 15

*Complaint*
<u>HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company</u>

of 2019, bore no fruit and to this date, First American has not agreed to cover such request. First American was warned that, if it failed to comply with its obligations under such policies, Hibiscus would have to sue in court to enforce its rights and remedies available at law.

20. Title insurance policies No. FA-31-1296795, No. FA-31-1296796, No. FA-31-129679 issued by First American cover the registry deficiencies that prevent the registration of mortgage deeds.

21. However, First American has refused to comply with its obligations under them.

### V. CAUSES OF ACTION

**A. FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT**

22. All of the claims in the Lawsuit included in the preceding paragraphs are incorporated and made part of this section.

23. Rule 59.1 of Civil Procedure, 32 L.P.R.A. Ap. V R. 59.1, regulates the mechanism of the declaratory judgment. The Rule states that "[t]he Court of First Instance shall have the authority to declare rights, estates and other legal relationships, even if other remedies are or may be instituted." In addition, the rule provides that "[t]he declaration may be in its form and effect, affirmative or negative, and shall have the effectiveness and force of final judgments or decisions." Id.

24. In turn, Rule 59.2 of Procedure, 32 L.P.R.A. Ap. V R. 59.2, lists who shall have the power to request a declaratory judgment. However, subparagraph (c) of the aforementioned rule

BY:2021CV01961 20/05/2021 05:09:37 pm Entry No. 7 Page 10 of 15
Case 3:21-cv-01340 Document 1-2 Filed 07/23/21 Page 10 of 15

*Complaint*
HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company

provides that such enumeration does not limit or restrict the exercise of the general powers conferred by Rule 59.1 *above,* within any procedure in which a declaratory remedy is requested, provided that a judgment or decree will put an end to the dispute or clear up any uncertainty. Id.

25. In the captioned case, First American issued Title Insurance Policies No. FA-31-1296795, No. FA-31-1296796, No. FA-31-129679 in favor of Firstbank, now Hibiscus, extending cover as of December 18, 2007. The only exceptions identified to the coverages provided relate to contributions or garnishments for 2007-2008, and in other years that are not liquid and enforceable. [1]

26. In insurance policies of title No. FA-31-1296795, No. FA-31-1296796, No. FA-31-1296797, First American agreed to the same, as follows:

> *First American Title Insurance Company (the* "Company") *insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:*
>
> *1. Title to the estate or interest described in Schedule A being vested other than stated therein;*
>
> *2. Any defect in or lien or encumbrance on the Title.*
>
> *3. Unmarketability of the title;*

---

[1] Schedule B: *This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of the following:*
   *1. General and special taxes or assessments for the fiscal year 2007-2008, and subsequent years not yet due and payable.*

*Complaint*
*HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company*

> [...]
> 5. The invalidity or unenforceability of the lien of the insured mortgage;
>
> 8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the Assignment is shown on Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all lines.
>
> The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and
> Stipulations.

27. Both the Deed of Segregation and the Deeds of Mortgages were not registered in the Land Registry which prevented the transfer of title of the real property and the constitution of the subsequent mortgages that guarantee the loans granted by Firstbank, now Hibiscus, to the Debtor and its guarantor.

28. Accordingly, it is appropriate for this Court to declare that, under the terms and conditions of the title policies issued in favor of Hibiscus, First American has a contractual obligation to provide coverage for the refusal of the Property Registrar to register mortgage deeds in the property Registry, which affected the title and constitution of mortgage liens in favor of Hibiscus.

**B. SECOND CAUSE OF ACTION – BREACH OF CONTRACT, SPECIFIC PERFORMANCE**

Case 3:21-cv-01346 Document 1-2 Filed 07/23/21 Page 12 of 15
BY:2021CV02961 20/05/2021 05:09:37 pm Entry No. 7 Page 12 of 15

*Complaint*
<u>HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company</u>

29. All of the allegations in the complaint included in the preceding paragraphs are incorporated and made part of this section.

30. First American breached its obligations under the agreed title insurance contracts by failing to provide coverage to Hibiscus in the face of the Property Registrar's refusal to register mortgage deeds in the Land Registry.

31. This breach of contract is in contravention of the Civil Code of Puerto Rico.

32. In the area of insurance, the Supreme Court has established that the relationship between an insurer and its insured is contractual in nature and is governed by what is agreed to in the insurance contract. The contract constitutes the law between the parties. <u>Gene. Accid. Ins. Co. of P.R. v. Ramos,</u> 148 D.P.R. 523 (1999); <u>Quiñones López v. Manzano Pozas,</u> 141 D.P.R. 139 (1996).

33. The Puerto Rico Insurance Code provides that "[t]he insurance contract shall be interpreted globally, based on the total set of its terms and conditions, as expressed in the policy and as they have been broadened, extended, or modified by attachment, endorsement or application attached to the policy and forming part of it". Art. 11.250 of the Puerto Rico Insurance Code, 26 L.P.R.A. sec. 1125. See <u>Meléndez Piñero v. Levitt & Sons of Puerto Rico,</u> 129 D.P.R. 521, 554 (1991).

*Complaint*
*HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company*

34. Insurance contracts, being considered as adhesion contracts, must be interpreted liberally in favor of the insured, with the aim of maintaining coverage by means of a reasonable interpretation. Quiñones López v. Manzano Pozas, *supra*; Lopez v. Atlantic. S. Ins. Co. , 158 D.P.R. 562 (2003).

35. Hibiscus has the right to require specific performance of insurance contracts entered into with First American in order for it to provide coverage for the property Registry's refusal to register mortgage deeds in the property Registry.

36. First American breached its contractual obligations to Hibiscus as a result of and as a consequence of such breach.

37. In addition, in accordance with the agreement of the parties to the title insurance contracts, Hibiscus requests that specific performance be ordered of the obligations agreed upon by First American in the insurance policies, including, but not limited to, the payment of the entirety of the corresponding covered claim, and compensation for the amounts owed by the Debtor and its guarantor subject to the transactions covered by the policies issued.

38. Pursuant to the foregoing, Hibiscus requests that the Court order First American to pay the sum of $1,601,632.00; to compensate Hibiscus for damages suffered as a result of its breach, which are estimated at no less than $16,932,996.24; and the payment of interest, costs and attorneys' fees for their recklessness.

*Complaint*
<u>HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company</u>

## VI. PRAYER

**FOR ALL THE FOREGOING,** Hibiscus respectfully requests that this Court

Grant the present Complaint and, accordingly:

a) Issue a judgment declaring that Hibiscus has the right to be provided coverage under the insurance contracts entered into by First American subject to the action of title, to the Registrar of Property refusing to register the mortgage deeds in the Land Registry; and

b) First American is ordered to comply with the provisions of the insurance contracts by paying Hibiscus the sum of $1,601,632.00 and to compensate Hibiscus for the damages suffered as a result of its breach, which are estimated at no less than $16,932,996.24; and the payment of interest, costs and attorneys' fees for their recklessness.

RESPECTFULLY SUBMITTED.

In Guaynabo, Puerto Rico, on May 21, 2021.



PO Box 360764, San Juan, PR 00936-0764
Physical Address: San Patricio Gallery, Suite 205
B-5 Tabonuco Street, Guaynabo, Puerto Rico
Phone: 787-281-0707 | Fax: 787-281-0708

s/Edgardo L. Rivera Rivera
Lic. No. 11,112 – RUA No. 9,884
E-mail: edgardo@therivera.group

*Complaint*
<u>HIBISCUS PR LENDCO, LLC vs. First American Title Insurance Company</u>

I CERTIFY that the foregoing is a true and faithful translation from its original in Spanish.

*s/ Patricia Beckerleg*

**Patricia Beckerleg**
**Certified Court Interpreter and Translator**
**Administrative Office of the United States Courts**